UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

       - v. -

HERBERT MURPHY,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PRELIMINARY
ORDER OF FORFEITURE
AS TO SUBSTITUTE ASSETS**

16 Cr. 328 (VB)

WHEREAS, on or about May 11,2016, HERBERT MURPHY, (the "Defendant"), was charged in one count of a three-count Indictment, 16 Cr. 328 (VB)(the "Indictment"), with conspiracy to distribute, and to possess narcotics, in violation of Title 21, United States Code, Section 846 (Count One);

WHEREAS, on or about March 30, 2017, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from the defendants obtained directly or indirectly as a result of the offense and any manner or part to commit to or facilitate the commission the commission of the offense alleged in Count One of the Indictment;

WHEREAS, on or about July 13, 2017, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment (the "Order of Forfeiture"), imposing a money judgment against the Defendant in the amount of $42,000.00 (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment (D.E. 250);

1

WHEREAS, to date, the entire the Money Judgment against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offense, despite the exercise of due diligence in investigating the assets of the Defendant;

WHEREAS, the Government has identified the following specific assets in which the Defendant has an ownership interest:

  a. $1,029 in United States currency seized on or about May 17, 2016, from 50 Laurel Avenue Fallsburg, NY ;

  b. $2,685.00 in United States currency seized on or about May 17, 2016, from 22 Albion Street Liberty, NY;

(a. and b, collectively, the "Substitute Assets"); and

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Assets.

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.  All of the Defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2.  Upon entry of this Preliminary Order of Forfeiture of Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep them in its secure, custody and control.

3.  Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the satisfaction of the Money Judgment entered against the Defendant.

2

4.    Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.    The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.    The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

7.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.    The Court shall retain jurisdiction to enforce this Preliminary Order of

Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of

Criminal Procedure 32.2(e).

Dated: ~~New York~~ White Plains, New York
        June 29, 2026

SO ORDERED:

HONORABLE VINCENT BRICETTI
UNITED STATES DISTRICT JUDGE

4